IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| TAUNYA MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>SONNY PERDUE, Secretary, U.S.<br>Department of Agriculture,<br><br>    Defendant. | Case No. 2:17-cv-00670-SU<br><br>**OPINION<br>AND ORDER** |

SULLIVAN, United States Magistrate Judge:

Pro se plaintiff Taunya Miller brings this action against defendant Sonny Perdue, Secretary of the U.S. Department of Agriculture, alleging that defendant violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 - 1691f, by improperly denying plaintiff's application for a farm loan. The Court held a Status Conference on February 12, 2018, and the

question whether plaintiff was entitled to a jury trial in her action against the United States under the ECOA arose. (Docket No. 43). The parties submitted informal email briefing on the issue. For the following reasons, the Court concludes that plaintiff does not have a jury trial right in this action against the United States.[1]

## ANALYSIS

A private plaintiff has no Seventh Amendment jury trial right in an action against the federal government unless Congress has affirmatively granted such a right by statute; the grant must be "unequivocally expressed." *Lehman v. Nakshian*, 453 U.S. 156, 160-62 (1981).

The parties have presented no case from this District, or from the Ninth Circuit, addressing whether the ECOA unequivocally grants a jury trial right as against the federal government. At least three district courts, including one from within this Circuit, have found that the ECOA does not grant such a right. *Anato v. U.S.D.A. Rural Dev.*, No. CV 12-103-GF-SEH, 2013 WL 3279534, at *5 (D. Mont. June 27, 2013) ("The ECOA does not provide the right to a jury trial, so sovereign immunity precludes that right."); *Haynie v. Veneman*, 272 F. Supp. 2d 10, 20 (D.D.C. 2003) ("Because ECOA does not expressly provide or even mention the right to a jury trial, the rule of strict construction of waivers of sovereign immunity dictates that there is no right to a jury trial under this statute."); *Wise v. Glickman*, 257 F. Supp. 2d 123, 132 (D.D.C. 2003) ("Congress has not affirmatively and unambiguously granted the right to jury trial to persons bringing suit against the federal government under ECOA.").

Plaintiff has cited no case, and the Court has identified none, holding that the ECOA does grant a jury trial right as against the federal government. Plaintiff relies on a Fifth Circuit case, *Moore v. U.S.D.A.*, 55 F.3d 991, 996 (5th Cir. 1995), holding that the ECOA contains waiver of

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Docket No. 25).

sovereign immunity, but that case is silent on the issue of whether the ECOA grants a jury trial right. Plaintiff appears to try to argue by analogy to other federal statutes, including by reference to an unidentified law review article. These arguments do not constitute the unequivocal expression of a grant of the right to a jury trial in an ECOA case.

Furthermore, the ECOA contains nine sections, 15 U.S.C., Ch. 41, Subch. IV, §§1691 - 1691f, and there is no mention of a jury trial right, much less the unequivocal grant of one, for a private plaintiff as against the United States.

## CONCLUSION

For these reasons, the Court finds that plaintiff is not entitled to a jury trial in this action under the ECOA as against the federal government.

IT IS SO ORDERED.

DATED this 28th day of February, 2018.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge