IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| TAUNYA MILLER, | Civ. No. 2:17-cv-00670-SU |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| THOMAS J. VILSACK, | |
| Defendant. | |

SULLIVAN, Magistrate Judge

    This Equal Credit Opportunity Act ("ECOA") case comes before the Court on Plaintiff's Motion to Strike Defendant's Rebuttal Expert Report. ECF No. 125. For the reasons set forth below, Plaintiff's Motion is DENIED.

## BACKGROUND

    Plaintiff challenges the Farm Service Agency's ("FSA") November 2014 denial of Plaintiff's July 2014 application for a $35,000 microloan. Am. Compl. ¶ 7. ECF No. 7. The microloan was intended to finance the lease/purchase of an heirloom tomato farm in Bangs, Texas. *Id.*

    Under the most recent scheduling order, initial expert disclosures were due on May 30, 2021. ECF No. 111. Because May 30 was a Sunday and the following day, May 31, was a federal holiday, initial expert disclosures were timely through June 1, 2021. Fed. R. Civ. P. 6(a)(1)(C). The parties timely exchanged initial expert disclosures. Plaintiff disclosed the report of Dr. Walter

Lierman, an economist who opined that Plaintiff suffered more than $4.3 million in lost profits from the denial of the FSA microloan. Foster Decl. Ex. 4, ECF No. 126-1. Defendant disclosed the report of Dr. Howard Resh, a horticulturalist who opined that Plaintiff's proposed farm plan was not feasible. Foster Decl. Ex. 2.

The deadline for rebuttal expert disclosures was set for June 30, 2021, with expert discovery to close on July 16, 2021. ECF No. 111. Defendant timely disclosed the report of rebuttal expert Dr. Erick West, an economist who opined that Plaintiff's tomato farming plan was not a feasible business venture and that Plaintiff suffered no losses from the denial of the FSA microloan. Third Martin Decl. Ex. A. ECF No. 130-1. On July 14, 2021, Plaintiff filed her Motion to Strike the West Report. ECF No. 125.

## DISCUSSION

Plaintiff moves to strike the West Report on the basis that it is a sham report and contains expert conclusions that should have been included in an affirmative expert report, rather than a rebuttal expert report. Plaintiff contends the West Report is intended to bolster the Resh Report and presents information that should have been in Defendant's case-in-chief. In the alternative, Plaintiff seeks to re-open expert discovery to permit her to depose Dr. West.

Under Rule 26, expert rebuttal reports must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party in that other party's expert disclosures." Fed. R. Civ. P. 26(a)(2)(D)(ii). "The phrase 'same subject matter' should be read narrowly because a broad reading encompasses any possible topic that *relates* to the subject matter at issue will blur the distinction between 'affirmative expert' and 'rebuttal expert.'" *San Diego Cnty. Credit Union v. Citizens Equity Credit Union*, Case No. 18cv967-GPC(MSB), 2020 WL 8621524, at *3 (S.D. Cal. June 12, 2020) (internal quotation marks and citations omitted,

alterations normalized) (emphasis in original). "The court must carefully analyze the initial expert's proposed testimony and the corresponding expert's rebuttal testimony to determine the propriety of the rebuttal testimony." *Id.* (internal quotation marks and citation omitted). Additionally, "a rebuttal expert report is not the time to change methodologies to account for noted deficiencies; instead, it is to respond to criticism of such methodologies." *Id.* (internal quotation marks and citation omitted). However, "offering a different, purportedly better methodology" is a "proper way to rebut the methodology of someone else." *Id.* (internal quotation marks and citation omitted, alternation normalized).

Furthermore, "it is not a defendant's obligation to make an *ex ante* rebuttal of a plaintiff's hypothetical and undisclosed theories . . . Such an obligation would be fundamentally unfair in requiring the defendant's expert to 'shadowbox' or attack 'straw man' arguments in advance of seeing the plaintiff's theory and proof of liability." *Space Data Corp. v. Alphabet, Inc.*, Case No. 16-cv-03260-BLF, 2019 WL 2603285, at *3 (N.D. Cal. June 25, 2019).

In this case, the West Report is substantially devoted to criticizing the methodology and conclusions of the Lierman Report and offering a contrary analysis. This is the proper and expected purpose of a rebuttal expert report and so the Court declines to strike the West Report on that basis.

Plaintiff also contends that the West Report should properly have been offered as an affirmative expert report in support of Defendant's case-in-chief. Rebuttal evidence "may not be used to establish a case-in-chief," nor may it be used as an opportunity to correct oversights in a party's case in chief. *Grove City Veterinary Service, LLC v. Charter Practices Int'l LLC*, 3:13-cv-2276-AC, 2016 WL 1573830, at *21-22 (D. Or. April 19, 2016).

This case is brought under the ECOA. A plaintiff bringing a claim under the ECOA may recover "actual damages sustained." 15 U.S.C. § 1691e(a). This can include out-of-pocket monetary losses, injury to credit reputation, mental anguish, humiliation, or embarrassment, but "the court will not presume any injury" and the "actual damages must be specifically proven." *Anderson v. United Fin. Co.*, 666 F.2d 1274, 1277-78 (9th Cir. 1982). It is therefore Plaintiff's burden, as part of her case-in-chief, to establish her actual damages. The Advisory Committee Notes for Rule 26 indicate that "in most cases, the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." Fed. R. Civ. P. 26 Advisory Committee Note (1993).

A line of district court cases within the Ninth Circuit "suggest an expert who addresses an expected and anticipated portion of the other party's case-in-chief is not a rebuttal expert." *Ruiz v. Walmart*, Case No.: CV 20-01129-RAO, 2021 WL 945241, at *2 (C.D. Cal. Jan 22, 2021) (collecting cases). However, a contrary line of district court cases have declined to impose any restrictions on rebuttal expert testimony beyond the text of Rule 26(b)(2)(D)(ii) because "a party who does not bear a burden of proof on an issue may be keenly interested in avoiding the expense of designating an expert witness on that issue," but "if the party with the burden of proof offers a compelling expert disclosure, the opposing party can still designate a rebuttal expert in compliance with the rules." *Ruiz*, 2021 WL 9445241, at *2 (quoting *Theoharis v. Rongen*, No. C13-1345RAJ, 2014 WL 3563386, at *3-4 (W.D. Wash. July 18, 2014)) (collecting cases). The Court finds the latter line of cases more persuasive, as they are consistent with the Advisory Committee Notes for Rule 26 and with Plaintiff's burden of proving actual damages under the ECOA. Accordingly, the Court concludes that the West Report is appropriately presented as a rebuttal expert report.

Plaintiff's Motion to Strike the West Report is DENIED without prejudice to Plaintiff's ability to challenge the admissibility of the West Report or Dr. West's testimony through a motion *in limine* prior to trial. The Court likewise DENIES Plaintiff's motion in the alternative to re-open expert discovery.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike, ECF No. 125, is DENIED.

It is so ORDERED and DATED this   6th   day of August 2021.

                                               /s/ Patricia Sullivan
                                               PATRICIA SULLIVAN
                                               United States Magistrate Judge